Citation Nr: 1722378 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 09-15 104A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an initial increased rating in excess of 50 percent for posttraumatic stress disorder (PTSD).

2. Entitlement to a total disability rating based on individual unemployability (TDIU).

REPRESENTATION

Veteran represented by: Robert Chisholm, Attorney


ATTORNEY FOR THE BOARD

C. Mukherjee, Associate Counsel



INTRODUCTION

The Veteran served on active duty from October 1965 to October 1968. He served in the Republic of Vietnam and was awarded the Combat Infantryman Badge. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St Petersburg, Florida. In April 2015, the Veteran's representative requested that his claim be transferred to the Reno, Nevada RO due to the Veteran's relocation to the area. See April 2015 Attorney Correspondence. Review of the record indicates that this transfer has not yet occurred; therefore jurisdiction remains with the St. Petersburg, Florida RO.

In July 2012, the Board, in pertinent part, remanded the issue of an increased evaluation for the Veteran's PTSD to the RO for additional action. In February 2014, the Board, in pertinent part, denied an evaluation in excess of 50 percent for PTSD for the period prior to August 24, 2013 and remanded the issues of an evaluation in excess of 50 percent for his PTSD for the period on and after August 24, 2013 and a TDIU to the RO for additional action. The Veteran subsequently appealed to the United States Court of Appeals for Veterans Claims (Court).

In October 2014, the Court granted the parties' Joint Motion for Partial Remand (JMR), which vacated a portion of a February 2014 Board decision denying an evaluation in excess of 50 percent for the Veteran's PTSD for the period prior to August 24, 2013. The issue was then remanded to the Board. 

In April 2015, the Board characterized the Veteran's claim for an increased rating in excess of 50 percent for PTSD as a single issue and remanded it for further development. The Board finds that requested development has been undertaken and the issue is now properly before the Board.

The issue of entitlement to an increased disability evaluation in excess of 70 percent for the Veteran's service-connected PTSD is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. For the period on appeal, the Veteran's PTSD was productive of occupational and social impairment consistent with the criteria for, at minimum, a 70 percent evaluation.

2. The weight of the evidence is at least in relative equipoise as to whether the Veteran is able to obtain or maintain substantially gainful employment due to his service-connected disabilities.


CONCLUSIONS OF LAW

1. For the period on appeal, the criteria for a 70 percent disability rating for PTSD have been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.7, 4.10, 4.130, Diagnostic Code (DC) 9411 (2016).

2. The criteria for TDIU have been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.3, 4.16, 4.19 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

As described below, there are certain evidentiary deficiencies in this case requiring a remand for additional development. These deficiencies, however, do not preclude the Board from making several preliminary determinations that are favorable to the Veteran.

In terms of the claim for an increased rating for PTSD, throughout the period on appeal, the Veteran has demonstrated impaired impulse control, expressing feelings of intense anger. See, e.g. June 2008, February 2009 Psychiatry Treatment Notes. Notably, the Veteran has regularly reported conflicts with co-workers and, on at least two occasions, has stated he has thoughts of revenge. See e.g., February 2010 Statement; March 2010 Psychiatry Note; May 2010 Treatment Record; March 2015 Mental Health Clinic Note. The Veteran was removed from his position in civil service due his inability to work with others and be a "team member." See February 2010 Proposed Notice of Separation for Inability to Perform. The Veteran has regularly reported depression and suicidal ideations. In one instance, the Veteran told his wife that he had decided to kill himself, but that he would kill her first so she would not have to deal with his problems anymore. See e.g., August 2008 Wife Statement. The Veteran also suffers from nightmares, flashbacks, night sweats, night terrors, and sleepwalking episodes. See e.g., August 2013 Wife Statement; August 2013 VA Mental Health Nurse Practitioner Letter. For the foregoing reasons, the Board finds that the preponderance of the evidence is in favor of granting a disability evaluation of 70 percent, the criteria for which are set forth in 38 C.F.R. § 4.130, Diagnostic Code 9411. The determination of whether an even higher evaluation is warranted will be deferred pending the additional evidentiary development on remand described below.

As to the TDIU claim, the Veteran has a 70 percent evaluation for PTSD now, and his claim may be considered on a schedular basis under 38 C.F.R. § 4.16(a), with the remaining question being whether he is precluded from securing or following a substantially gainful occupation on account of service-connected disability. Here, the Board finds that the 38 C.F.R. § 4.16(a) criteria have been met. The Board observes that the evidence is at least in equipoise as to whether the Veteran is able to maintain a substantially gainful occupation, primarily on account of the same findings that supported the 70 percent evaluation. See August 2016 VA 21-8940; August 2014 VA Examination; September 2014 VA Examination; November 2014 Dr. C.W. Private Vocational Assessment. A grant of TDIU is thus warranted.





ORDER

Entitlement to a disability rating of 70 percent for service-connected PTSD is granted, subject to the controlling regulations governing monetary awards.

Entitlement to TDIU is granted, subject to the controlling regulations governing monetary awards.


REMAND

The Board finds that the evidence of record is unclear as to whether the Veteran's PTSD warrants a higher evaluation, in excess of 70 percent disabling. The Veteran's most recent VA examination was in September 2014. This examination report did not, for example, clearly delineate whether the Veteran suffers from both total social and occupational impairment. Therefore, the Board finds that a remand is necessary to determine the current severity of his service-connected PTSD via an updated mental health examination. 

While on remand, the RO also should attempt to obtain the Veteran's updated VA treatment records and any relevant private medical records.

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request authorization to obtain any outstanding records pertinent to the claim, including any private treatment records following proper VA procedures. 

2. After completing the requested development, arrange for the Veteran to undergo a VA mental health examination to evaluate the severity of his PTSD. A copy of this remand and all relevant medical records should be made available to the examiner. The examiner must review the pertinent evidence, including the Veteran's lay assertions, and undertake any indicated studies. The examiner must specifically address whether the Veteran suffers from total social and occupational impairment. 

3. Finally, after completing the above actions, as well as any other development that may be warranted, the RO must readjudicate the Veteran's claim in light of all the evidence of record. If any benefit on appeal remains denied, a supplemental statement of the case (SSOC) must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs